# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Earnest Garner,

    Plaintiff,

V

Gerber Collision & Glass,
and, Jonathan Barnes,
jointly and severally,

    Defendants.

_____/

Judge: Hon.
Case No. 2:16-cv-12908

**HERBERT A. SANDERS (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for the Plaintiff
615 Griswold, Suite 913
Detroit, MI 48226
haslawpc@gmail.com
Phone:  (313) 962-0099
Fax:  (313) 962-0044

**Karri Mitchell (P42028)**
Law Office of Karri Mitchell
Attorney for Plaintiff
21900 Greenfield Rd.
Oak Park, MI 48237
Phone:  (248) 968-2400
mrkarri@aol.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

# PLAINTIFF'S COMPLAINT
# AND JURY DEMAND

**NOW COMES** Plaintiff, by and through his attorney Herbert A. Sanders of The Sanders Law Firm, P.C., and for his Complaint states as follows:

## JURISCITION

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to the Michigan Elliot-Larsen Civil Rights Act.

2. This Court has jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332.

3. Plaintiff Earnest Garner is an African American man, and a resident of the State of Michigan.

4. Defendant Gerber Collision & Glass is headquartered in Illinois at 400 W Grand Ave, Elmhurst, IL 60126. The company conducts business in the Eastern District of Michigan, and is therefore subject to the jurisdiction of this court.

5. Defendant Johnathan Barnes is a Manager at Defendant Gerber Collision & Glass located in Novi Michigan, within the Eastern District of Michigan. At all times relevant hereto, Defendant Barnes was a Manager the Supervisor of Plaintiff Garner.

6. The events giving rise to this cause of action occurred in Novi Michigan, within the Eastern District of Michigan.

7. The amount in controversy exceeds $1,000,000.00 exclusive of interest, cost, and attorney fees.

## FACTS

8. Plaintiff Garner began his employment with the Defendants in the late summer/ early fall of 2015.

9. Plaintiff, was an employee of Defendants until his constructive discharge on or about July 2016.

10. Plaintiff was employed with the Defendants in the capacity of Customer Service Representative.

11. During his employment Plaintiff performed his duties in an above satisfactory manner.

12. Plaintiff received several promotions, which required him to have more responsibility. Plaintiff was promoted to the parts department in March 2016. Further, Plaintiff was promoted to Manager of parts in May 2016.

13. Though Plaintiff was given more responsibility through the promotions he received, his pay was never increased from his hiring wage of $12.50/hr.

14. Plaintiff was not given any wage increases because of his race.

15. White employees of Defendants were given pay increases upon receiving a promotion and/or more job responsibilities, Plaintiff was not.

16. Throughout Plaintiff's employment with the Defendants he was subjected to frequent racial slurs and threats by his Supervisor, Defendant Barnes, and his co-workers.

17. Plaintiff notified management concerning each incident, however the acts of discrimination, harassment and retaliation continued.

18. The acts of discrimination, harassment, and retaliation were inclusive of, but not limited to the following things being said or done to the Plaintiff:

   a. Stating to Plaintiff that he was lazy and always sat on his ass because he is black;

   b. Stating to Plaintiff on an occasion in which he requested to leave work early; "black people always want to leave early the day prior to a holiday;"

   c. Stating to Plaintiff on one occasion in which he was eating a steak for lunch; "Calm down, we all know it's not chicken;"

   d. Writing the word "Nigger" on Plaintiff's car;

   e. Stating to Plaintiff; "What is the difference between a park bench and a black guy?  Only a bench can support a family of five."

   f. Stating to Plaintiff; "You milk the clock like all black folks."

   g. Inquiring of Plaintiff as to whether he carried a knife, because all black folks do is stab and shoot each other;

   h. Threatening to tar and feather Plaintiff;

    i. Threatening to kill Plaintiff;

    j. Vandalizing Plaintiff's property;

    k. Disparaging Plaintiff in front of co-workers;

    l. Increasing Plaintiffs workload;

    m. Scrutinizing Plaintiff's work more harshly than others;

    n. Subjecting Plaintiff to unwarranted discipline; and

    o. Subjecting Plaintiff to unwarranted schedule changes;

19. White employees of the Defendants were not subjected to the type of treatment that Plaintiff was forced to endure as described above.

20. All of the occurrences above were committed by Plaintiff's Supervisor, Defendant Barnes, and/or witnessed and/or reported to Defendant Barnes.

21. Further, Plaintiff reported the discrimination, harassment, and retaliation to Regional Manager Michael Herzag.

22. However, even after Plaintiff reported and complained about the occurrences, he was subjected to the same type of behavior in the workplace.

23. On July 20, 2016 Plaintiff was constructively discharged.

## COUNT I
## RACIAL DISCRMINATION

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. At all material times, Defendants were an employer, covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act.

26. Plaintiff's race was a factor that made a difference in Defendants' decision to subject him to the wrongful and discriminatory treatment described above.

27. Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

28. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

29. If Plaintiff had been Caucasian, he would not have been treated in the manner described.

30. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $1,000,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

## COUNT II
## RACIAL HARASSMENT

31. Plaintiff incorporates by reference paragraphs 1 through 30.

6

32. At all material times, Defendants were an employer, covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act.

33. Plaintiff's race was a factor that made a difference in Defendants, decision to subject him to the wrongful and harassing treatment described above.

34. Defendants, by their agents, representatives, employees, and customers were predisposed to harass Plaintiff on the basis of his race and acted in accordance with that predisposition.

35. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

36. If Plaintiff had been Caucasian, he would not have been treated in the manner described.

37. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $1,000,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

## COUNT III
## RETALIATION

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. At all times relevant hereto, Plaintiff was an employee and Defendants an employer within the meaning *of MCLA 37.2101 et seq., MSA 3.548 (101) et seq., MCLA 37.2101 et seq., The Michigan Elliot-Larsen Civil Rights Act; and MCLA 37.1101 et seq., MSA 3:550(101) et seq.*

40. Under *The Michigan Elliot-Larsen Civil Rights Act*, Defendants had a duty to Plaintiff not to retaliate against Plaintiff for exercising his rights pursuant to *The Elliot-Larsen Civil Rights Act*, or for opposing a violation of *The Elliot-Larsen Civil Rights Act.*

41. Notwithstanding said duty, and in willful violation thereof, Defendants discriminated against Plaintiff by retaliating against him for having exercised his rights under the Act and/or having reported a violation of the Act.

42. There was a direct causal connection between the Plaintiff's actions under *The Elliott-Larsen Civil Rights Act* and the Defendants' subsequent retaliation against the Plaintiff.

43. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has

suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $1,000,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiffs hereby incorporate by reference each and every allegation in paragraphs 1 through 43 as though fully set forth herein.

45. The acts of Defendants as described above constitute intentional infliction of emotional distress.

46. Defendants conduct, as set forth above was extreme and outrageous as to go beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

47. The conduct of Defendants as described above was wanton and/or intentional.

48. The acts of Defendants, as described above caused Plaintiff to suffer severe emotional distress and mental anguish.

49. Such conduct on the part of the Defendants rose to the level of intentional

infliction of emotional distress.

50. Defendants knew or should have known that such conduct would inflict severe emotional distress on the Plaintiffs.

51. Such conduct did in fact inflict emotional distress upon the Plaintiffs.

52. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $1,000,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

1. Legal relief

    a. a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

    b. compensatory damages in whatever amount he is found to be entitled;

    c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay, and award of interest, costs, and reasonable attorney fees.

2. Equitable relief

    a. an order reinstating Plaintiff to the position he would have held if there had been no discrimination, harassment and retaliation by Defendants;

    b. an injunction prohibiting any further acts of retaliation, harassment or discrimination;

    c. an award of interest, costs, and reasonable attorney fees; and

    d. exemplary and punitive damages, along with whatever other equitable relief appears appropriate at the time of trial.

## JURY DEMAND

Plaintiff, through his attorneys, hereby requests a trial by jury.

Respectfully submitted,

Dated: August 8, 2016

/s/ Herbert A. Sanders
**HERBERT A. SANDERS (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for the Plaintiff
615 Griswold, Suite 913
Detroit, MI 48226
haslawpc@gmail.com
Phone: (313) 962-0099
Fax: (313) 962-0044